**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10215 |
| Plaintiff - Appellee, | D.C. No. 4:03-cr-01908-RCC-CRP-1 |
| v. | |
| JASON A. WRIGHT, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10664 |
| Plaintiff - Appellee, | D.C. No. 4:03-cr-01908-RCC-CRP-1 |
| v. | |
| JASON A. WRIGHT, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted November 20, 2014
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS, Chief Judge, and REINHARDT and CHRISTEN, Circuit Judges.

Jason Wright appeals his conviction for possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) and his sentence of time served and three years of supervised release with special sex offender conditions. We affirm his conviction, but reverse some of the special terms of his supervised release. Because the parties are familiar with the history of the case, we need not recount it here.[1]

I

The district court did not improperly admit statements made by Wright to law enforcement officers during the execution of a search warrant at his home. We review the denial of a motion to suppress *de novo* and the district court's underlying factual findings for clear error. *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008). In doing so, we accord "special deference to the district court's credibility determinations" regarding testimony. *Id.*

The district court did not clearly err in finding that Wright was advised of his *Miranda* rights and at no time asked to speak with a lawyer. Assuming,

[1] The government withdrew its November 12, 2014 motion to reschedule oral argument the subsequent day, acknowledging that it was erroneously filed. We dismiss the motion.

-2-

without deciding, that the officers made an impermissible promise to Wright when they told him he would not be arrested no matter what he said, the district court did not err in determining that Wright's will was not overborne by the officers' statements or actions.

We look to the totality of the circumstances when evaluating whether statements made in a custodial interrogation were given voluntarily. *See United States v. Preston*, 751 F.3d 1008, 1016 (9th Cir. 2014) (en banc). "Voluntariness depends on such factors as the surrounding circumstances and the combined effect of the entire course of the officers' conduct upon the defendant." *Henry v. Kernan*, 197 F.3d 1021, 1026 (9th Cir. 1999).

Here, Wright testified that he believed that he would be taken away no matter what he said in the car.[2] Therefore, even if the agents' remarks are interpreted as a promise—or a threat—the district court did not clearly err in implicitly concluding that Wright did not take them at face value and did not rely

---

[2] The dissent argues that the district court rejected all of Wright's testimony as not credible. However, the court's order did not present its finding in absolute terms. Insomuch as the order provided a basis for its credibility determination, it rejected Wright's specific testimony regarding actions taken and statements made by himself and the officers during the course of his interview. The order did not directly address Wright's testimony regarding his state of mind, and we conclude that those portions of his testimony contributed to the district court's finding that Wright's will was not overborne.

on them as such in making his statements.  The district court did not err in denying the suppression motion.

## II

Sufficient evidence for the mens rea element of § 2252A(a)(5)(B) supports Wright's conviction.  Wright admitted that he knew his computer files contained child pornography.  Many of the files on Wright's computer had been organized into subfolders that necessarily were created by a user who viewed the child pornography in order to classify it.  We defer to the jury's determination that sufficient evidence supports a conviction so long as, "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

## III

A previous panel of this Court determined that two potential errors in Wright's trial—the exclusion of evidence pointing to an alternative perpetrator and prosecutorial misconduct in the closing statement—were not individually prejudicial.  *United States v. Wright*, 625 F.3d 583, 604–13 (9th Cir. 2010).  Nor were these errors cumulatively prejudicial.  A finding of cumulative error requires

that "the combined effect of multiple trial errors . . . renders a trial fundamentally unfair." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007). The panel in *Wright* concluded that most of the potentially excluded evidence was weak or cumulative, and that the impermissible statements by the prosecutor were all either "fairly mild" or mitigated by defense counsel's rebuttal or the jury instructions. 625 F.3d at 609, 613. Any prejudicial impact of the errors in combination does not amount to a due process violation.

IV

We review the reasonableness of Wright's sentence for abuse of discretion. *United States v. Apodaca*, 641 F.3d 1077, 1079 (9th Cir. 2011). The three-year term of supervised released was not procedurally or substantively unreasonable. However, five special conditions of Wright's release are overly broad or otherwise unreasonable.

Conditions 4, 7, 8, 9, and 13 are substantively unreasonable. The first four of these conditions restrict Wright from, among other things, possessing any "sexually stimulating" material, having any contact with children under eighteen years old (including, it seems, family members), engaging in any business or volunteer activity in which he has even the potential to be alone with children, and using any interactive website. These proscriptions encompass a wide array of

-5-

activities and deprive Wright of far more liberty than is reasonably necessary to accomplish the goals of sentencing. *See United States v. Wolf Child*, 699 F.3d 1082, 1101–02 (9th Cir. 2012); *see also United States v. Weber*, 451 F.3d 552, 557–58 (9th Cir. 2006).

Condition 13, which forbids Wright from using alcohol, is also substantively unreasonable. There is no basis to conclude that it "bears a reasonable relationship to rehabilitating the offender, protecting the public, or providing adequate deterrence." *United States v. Betts*, 511 F.3d 872, 878 (9th Cir. 2007).

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**



*United States v. Wright*, No. 12-10215

REINHARDT, Circuit Judge, concurring in part and dissenting in part.

I join the court's decision except for the part holding that Wright's confession was voluntary. There is no question that Wright was promised that he would not be arrested no matter what he said during his interrogation. Whether this meant that he would not be prosecuted is a matter we need not decide. Either way the promise was such as would invalidate Wright's confession if it was the cause of his confessing. To the extent that the district court assessed Wright's credibility, it rejected his testimony in all respects. It made no exception for his statement that he thought he was going to be taken away regardless of what he said. Because the district court made no express finding on that point, its factual findings, or lack of factual findings, as to the effect of the government's unlawful promise on Wright render it impossible to conclude that the government carried its burden to prove by a preponderance of the evidence that Wright's statement was voluntary. *See United States v. Williams*, 435 F.3d 1148, 1153 n.5 (9th Cir. 2006) ("The government must prove voluntariness by a preponderance of the evidence." (citing *Lego v. Twomey*, 404 U.S. 477, 489 (1972))). At a minimum, we should remand for the district court to make additional factual findings.[1] Preferably, however, we should

---

[1] The majority says that the district court relied on Wright's testimony regarding his state of mind in finding that his will was not overborne. This

simply do our job as a court of appeals and reverse the district court's judgment

because it was wrong.



conclusion is in no manner justified by what the district court stated. The district court said nothing whatsoever about whether Wright's will was overborne and indeed did not even appear to find that the promise was unlawful. The best that can be said for the district court's findings is that they are totally inadequate.